

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 1, 1971

Hon. Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas 78711

Opinion No. M-963

Re: Traveling expenses
pursuant to the cur-
rent General Appro-
priation Act.

Dear Mr. Calvert:

You have requested our opinion on the following questions:

(1) "Are the following types of expenses considered 'incidental expenses' regardless of the amount of each, so as to place them within the $35.00 per diem allowance when they arise in connection with an authorized business trip:
1. Public Stenographer
2. Registration Fees
3. Telephone Bills
4. Telegraph Bills
5. Notary Fees for State Documents
6. Money Order Fees
7. Parking Fees for Rented Cars, State owned Cars, or Federally owned Cars
8. Hangars for Rented Airplanes
9. Tips or Handling Fees for State-Owned Equipment.
In the event that you hold that any of the above listed expenses are not included in 'incidental expenses', what is the authority for making the reimbursement for such expenses and would they be a charge against the travel appropriation?"

(2) "Does inclusion of the term, 'incidental expenses', under the per diem provision contravene the provisions in Article 6823a R.C.S., Section 3?"

(3) "Under the provisions of Senate Bill No.

11, Acts of the Regular Session of the Sixty-
second Legislature, Article V, Section 15,
under what circumstances could persons travel-
ing under this provision claim reimbursement
for parking, medical, laundry, and similar
expenses."

In connection with the foregoing you refer to
Attorney General's Opinions O-1253 (1939), O-6310 (1944),
M-301 (1968) and M-939 (1971). In Attorney General's
Opinion O-1253 it was held that a State employee could
not receive hospitalization expenses as travel expense
for the reason that during the period of confinement in
a hospital the employee was not being engaged in the active
discharge of his duties. In Attorney General's Opinion
O-6310 it was held that expenses of personal luggage were
not reimbursable. In Attorney General's Opinion M-301 it
was held that charges required to be paid by a District
Judge traveling to and attending the National College of
State Trial Judges including a required parking permit
and certain rental and laundry charges constitute "incident-
al expenses" incurred and are authorized to be reimbursed.
In Attorney General's Opinion M-939 it was held that "in-
cidental expenses" includes necessary expenses incidentally
incurred by a State employee traveling on State business.
We find nothing in our Opinion numbers O-1253 and O-6310
which is inconsistent with the conclusions reached herein-
after.

In view of the foregoing, it is our opinion that
incidental expenses may include those items listed in your
first question since each of those items may be an expense
that is necessary to be incurred by the employee in the
performance of official duties while on travel status. It
is to be noted, however, that in numerous instances items 1
through 6 listed in your request may be paid as operating
expense of the office rather than traveling expense of the
employee.

Section 13 of Article V of the current General
Appropriation Act provides, in part:

"Each employee traveling on state business
outside of the boundaries of the State of Texas
shall receive reimbursement for the actual cost

of meals, lodging and incidental expenses,
not to exceed thirty-five dollars ($35.00)
per day. When both in-state and out-of-
state travel occur in the same calendar day,
the rate of travel allowance for all travel
in that day shall be in an amount not to ex-
ceed thirty-five dollars ($35.00) per day."
(Emphasis added)

It is our opinion that the first six items listed
in your question No. 1 should not be included in the $35.00
limit. Such items should properly be reimbursed as an
operating expense of the office rather than travel expense
of the employee. Items 7, 8, and 9 are included in the
$35.00 limit as incidental travel expenses. See also Attor-
ney General's Opinion No. 0-6310, supra. With specific
reference to the item of "handling fees" for state-owned
equipment, this, like "official baggage" may in certain
instances be reimbursed as an operating expense of the
office rather than included in the $35.00 limit as inci-
dental travel expense.

Section 3 of Article 6823a provides:

"a. Reimbursement from funds appropriated
by the Legislature for traveling and other neces-
sary expenses incurred by the various officials,
heads of state agencies, and employees of the
state in the active discharge of their duties
shall be on the basis of either a per diem or
actual expense as specifically fixed and appro-
priated by the Legislature in General Appropri-
ation Acts. A per diem allowance shall mean
a flat daily rate payment in lieu of actual
expenses incurred for meals and lodging and as
such shall be legally construed as additional
compensation for official travel purposes only.

"b. The rate of per diem and transportation
allowance and method of computing those rates
shall be those set forth in General Appropria-
tion Acts providing for the expenses of the
state government from year to year."

It is noted that Section 3 specifically states that

the rate of per diem and transportation allowance shall be those set forth in the General Appropriation Acts. Therefore the inclusion of incidental expenses in per diem and transportational allowances are authorized by Section 3 of Article 6823a, the preexisting law for the payment of such traveling expenses.

In answer to your third question you are advised that such traveling expenses are payable when incurred as a reasonable expense in connection with the performance of official duties while on travel status.

## SUMMARY

Incidental expenses in connection with travel by State employees are those expenses reasonably necessary to performance of official duties while the employee is on travel status.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

W. O. Shultz
John Grace
Rex White
Glenn Brown

SAM McDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant